UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **TITAN TIRE CORPORATION,**<br><br>            Plaintiff,<br><br>      v.<br><br>**UNITED STATES,**<br><br>            Defendant. | Court No. 24-00207 |

## COMPLAINT

Plaintiff Titan Tire Corporation ("Plaintiff"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff contests portions of the final results issued by the U.S. Department of Commerce ("Commerce") in the countervailing duty administrative review covering the period from January 1, 2022, through December 31, 2022, in *Certain New Pneumatic Off-the-Road Tires From India*, Case No. C-533-870.

2. Notice of Commerce's final results was published in the Federal Register on October 22, 2023. *See Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg. 84,331 (Dep't of Commerce Oct. 22, 2023) ("*Final Results*").

3. The findings and conclusions of the *Final Results* are set forth in Commerce's Issues and Decision Memorandum dated October 9, 2024.

1

## JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under 19 U.S.C. §§ 1516a(a)(2)(A) and (a)(2)(B)(iii).

## STANDING

5. Plaintiff is a manufacturer and producer of the domestic like product in the United States. As such, Plaintiff is an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C) and 28 U.S.C. § 2631(k)(1).

6. Plaintiff participated in the administrative review that is the subject of this challenge and, accordingly, has standing to commence this action as a "party to the proceeding" pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

7. Plaintiff commenced this action by filing a Summons on November 21, 2024, within 30 days after the date of publication of the *Final Results*.

8. Plaintiff is filing this Complaint within 30 days after filing of the Summons.

9. The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1516a(a)(2), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the U.S. Court of International Trade.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

10. The countervailing duty order in this proceeding was published in the *Federal Register* on March 6, 2017. *See Certain New Pneumatic Off-the-Road Tires from India and Sri Lanka: Amended Final Affirmative Countervailing Duty Determination for India and Countervailing Duty Orders*, 82 Fed. Reg. 12,556 (Dep't of Commerce Mar. 6, 2017).

11. Notice of opportunity to request the underlying review, which covers the period from January 1, 2022, through December 31, 2022, was published in the *Federal Register* on March 2, 2023. *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 13,091 (Dep't of Commerce Mar. 2, 2023).

## STATEMENT OF FACTS

12. The underlying review was initiated by notice published in the *Federal Register* on May 9, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 29,281 (Dep't of Commerce May 9, 2023).

13. Commerce initiated a review of 30 companies. *See id.*

14. In the underlying review, Commerce determined that it could not conduct individual reviews of all respondents, due to the large number of respondents in the review and constraints on its resources. Accordingly, Commerce determined to select two respondents for individual examination: ATC Tires Private Limited ("ATC") and Balkrishna Industries Ltd. ("BKT").

15. In the original countervailing duty investigation, Commerce found that the Advanced Authorization Scheme ("AAS") is a countervailable export subsidy program providing import duty exemptions to Indian producers such as BKT. Commerce made this finding after the Government of India ("GOI") failed to demonstrate that the GOI's Norms Committee, the body responsible for reviewing the *ad hoc* norms used by BKT, has an adequate procedure in place under 19 C.F.R. § 351.519(a)(4) to ensure the *ad hoc* norms chosen by BKT reflect actual consumption, and the GOI confirmed that it does not regularly conduct physical audits for this program. *See Countervailing Duty Investigation of Certain New Pneumatic Off-the-Road Tires*

*From India: Final Affirmative Determination, and Final Affirmative Critical Circumstances Determination, in Part*, 82 Fed. Reg. 2946 (Dep't of Commerce Jan. 10, 2017), and accompanying Issues and Decision Memorandum at 14–15, 28–30.

16.     In the *Final Results* of the review before the court in this appeal, however, Commerce improperly concluded that the GOI had carried out an examination of the inputs involved to confirm which inputs are consumed in the production of the exported product, and in what amounts, in accordance with 19 C.F.R. § 351.519(a)(4)(ii).  This assessment was based on a *post hoc* and incomplete examination performed by the GOI at BKT's request <u>after</u> the period of review — and <u>solely</u> for the purpose of the review.  Based on this flawed examination, which did not meet the requirements of 19 C.F.R. § 351.519(a)(4), Commerce incorrectly determined that during the period of review BKT had not used, and did not benefit from, the AAS program. *See Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg. 84,331 (Dep't of Commerce Oct. 3, 2023), and accompanying Issues and Decision Memorandum at 20–21.

17.     Commerce ultimately calculated a *de minimis* net subsidy rate for BKT of 0.34 percent *ad valorem* in the *Final Results*.

18.     In the *Final Results*, Commerce assigned the companies not selected for individual examination a subsidy rate equal to the net subsidy rate calculated for ATC, which was 1.70 percent *ad valorem*.

## COUNT I

19.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 above.

20. Commerce's determination that BKT did not use or benefit from the AAS program during the period of review is not supported by substantial evidence and not in accordance with law. Specifically, Commerce's interpretation of 19 C.F.R. § 351.519(a)(4) to accept a *post hoc* and incomplete examination performed by the GOI after the period of review and solely for the purpose of the review as satisfying the requirement of an adequate procedure to check consumption ratios and wastage rates calculated by BKT is unreasonable, unlawful, and not supported by substantial evidence.

## COUNT II

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20 above.

22. As a result of the error set out in Count I above, Commerce's final subsidy rates for BKT and the companies not selected for individual examination are unsupported by substantial evidence and not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff;

2. Hold that Commerce's *Final Results* are not in accordance with law and are not supported by substantial record evidence with respect to the claims advanced by Plaintiff in this Complaint;

3. Remand the *Final Results* to Commerce for disposition consistent with the Court's final opinion; and

4.      Provide any other such relief that this Court deems just and appropriate.

Dated:  December 20, 2024           */s/ Jennifer M. Smith-Veluz*
Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.
Benjamin J. Bay, Esq.

**THE BRISTOL GROUP PLLC**
1707 L Street, NW
Suite 570
Washington, D.C. 20036
Email: jennifer.smith@bristolgrouplaw.com
Tel.: (202) 991-2705

*Counsel to Titan Tire Corporation*

## CERTIFICATE OF SERVICE

I, Jennifer M. Smith-Veluz, hereby certify that on December 20, 2024, I caused the foregoing Complaint to be served on the following parties by the United States mail, certified, return receipt requested, postage prepaid, pursuant to USCIT Rule 3(f).

**ON BEHALF OF THE UNITED STATES:**

Attorney-in-Charge
International Trade Field Office
Department of Justice
Civil Division Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Director of Commercial Litigation Branch
Civil Division,
U.S. Department of Justice
Room 12124
1100 L Street, N.W.
Washington, D.C. 20530

Brittany M. Welch
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, D.C. 20044

**ON BEHALF OF THE U.S. DEPARTMENT OF COMMERCE:**

General Counsel
U.S. Department of Commerce
14th Street and Constitution Avenue, NW
Washington, DC 20230

**ON BEHALF OF THE INTERESTED PARTIES IN THE COUNTERVAILING DUTY ADMINISTRATIVE REVIEW:**

Representative of Balkrishna Industries Ltd.:
John M. Gurley
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006

Representative ATC Tires Private Limited and Yokohama Off-Highway Tires America, Inc.:
Eric Emerson
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Representative of Asian Tire Factory Limited, Mahansaria Tyres Private Limited and TVS Srichakra Limited
David Craven
**Craven Trade Law LLC**
3744 N Ashland
Chicago, IL 60613

Representative of the Embassy of India:
Chitrangna Singh
**Embassy of India**
Commerce Wing
2536 Massachusetts Avenue, NW
Washington, DC 20008

Representative of the Government of India:
Jayant Raghu Ram
**Lakshmi Kumaran & Sridharan**
No. 5, Link Road, Jangpura Extension
New Delhi, Delhi NCR, India

*/s/ Jennifer M. Smith-Veluz*
Jennifer M. Smith-Veluz
**THE BRISTOL GROUP PLLC**
*Counsel to Titan Tire Corporation*