IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| TITAN TIRE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA,<br><br>    Defendant-Intervenors. | Court No. 24-00207 |

**PARTIAL CONSENT MOTION TO STAY**

Pursuant to Rules 1 and 7 of the Rules of the Court of International Trade, Plaintiff Titan Tire Corporation hereby files this partial consent motion respectfully asking the Court to stay all proceedings in this case pending a final decision in *Titan Tire Corporation v. United States*, Court No. 23-00233, and any appeals therefrom. Plaintiff proposes that 65 days after there is a final decision in Court No. 23-00233 or any appeals therefrom, the parties will confer and file a status report advising this Court of the status of this action. This time period will let the parties to this action know whether Court No. 23-00233 has been appealed to the U.S. Court of Appeals for the Federal Circuit.

Plaintiff requests this stay in order to present the issues in this appeal in an efficient manner that conserves the resources of both the parties and the Court. Moreover, Plaintiff respectfully submits that such a stay will not harm or prejudice the other parties.

1

**I.      CONSULTATIONS AND PARTIAL CONSENT OF PARTIES**

Pursuant to Rule 7(b) and (f) of the Rules of the Court of International Trade, Plaintiff has consulted with all other parties to this case regarding this motion via email. On March 17, 2025, John Gurley, Esq., counsel to Defendant-Intervenors Balkrishna Industries Limited ("BKT") and Government of India, consented to the proposed stay. On March 14, 2025, Brittney Welch, Esq., counsel to Defendant the United States, indicated that Defendant does not consent to a stay.

**II.     ARGUMENT**

"{T}he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Union Steel Mfg. Co. v. United States*, 37 C.I.T. 346, 354, 896 F. Supp. 2d 1330, 1336 (2013) (recognizing that a stay should be issued where it "will promote the interests of judicial economy and conserve the resources of the parties as well as the court").

   **A.     A Stay Is Warranted Because the Outcome of the Pending Court No. 23-00233 Appeal Will Bear Upon This Case**

The Court "may properly determine that 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Diamond Sawblades Mfrs.' Coal. v. United States*, 34 C.I.T. 404, 406 (2010) (quoting *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). Indeed, the Court "has granted stays pending ongoing litigation of issues that are central to the court's decision." *Bldg. Sys. de Mexico, S.A. de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020) (citing *RHI Refractories Liaoning Co. v. United States*, 35 C.I.T. 407, 411–12, 774 F. Supp. 2d 1280, 1284–85 (2011)). The Court has also recognized that

"a stay may be warranted even where the other litigation would only clarify or simplify the issues in the action sought to be stayed. The outcome of the other case need not be potentially dispositive." *An Giang Agric. & Food Imp. Export Co. v. United States*, 28 C.I.T. 1671, 350 F. Supp. 2d 1162, 1169 (2004).

Plaintiff requests to stay the instant case pending the final disposition of *Titan Tire Corporation v. United States*, Court No. 23-00233, to promote judicial economy because that case involves similar issues of law and fact arising from the immediately prior year administrative review of the same countervailing duty ("CVD") order. In Court No. 23-00233, Titan challenged three issues arising from the final results of the U.S. Department of Commerce ("Commerce") in the 2021 administrative review of the CVD order on Certain New Pneumatic Off-the-Road Tires from India:

> (1) Commerce's determination that BKT did not use or benefit from the Advanced Authorization Scheme ("AAS") under 19 C.F.R. § 351.519(a)(4)(ii),
>
> (2) Commerce's calculation of a *de minimis* net subsidy rate for BKT based on that determination, and
>
> (3) Commerce's selection of the net subsidy rate for the companies not selected for individual examination based on that determination.

*See* Br. in Supp. of the R. 56.2 Mot. for Jmt. on the Agency R. of Pl. Titan Tire Corporation, Court No. 23-00233, ECF No. ("Titan's Opening Br. in Court No. 23-00233"). In the instant case, Titan challenges the same three types of issues arising from Commerce's final results in the 2022 administrative review of the CVD order on Certain New Pneumatic Off-the-Road Tires from India — *i.e.*:

> (1) Commerce's determination that BKT did not use or benefit from the AAS under 19 C.F.R. § 351.519(a)(4)(ii),
>
> (2) Commerce's calculation of a *de minimis* net subsidy rate for BKT based on that determination, and

> (3) Commerce's selection of the net subsidy rate for the companies not selected for individual examination based on that determination.

*See* Compl., ECF No. 9.

Although the factual records of the cases are not identical, the final decision in Court No. 23-00233 will clarify or simplify the issues — and may be potentially dispositive of — the issues in the instant action. *See An Giang Agric. and Food Imp. Export Co.*, 28 C.I.T. 1671, 350 F. Supp. 2d at 1169. Indeed, Court No. 23-00233 is a case of first impression regarding the meaning of 19 C.F.R. § 351.519(a)(4)(ii), Titan's Opening Br. in Court No. 23-00233 11, which will inform the Court's analysis in this case. Accordingly, the Court should grant a stay pending resolution of Court No. 23-00233 because it bears upon this case.

### B. There Is No Evidence That Other Parties Will Face Any Hardship if the Court Grants the Stay

In deciding a motion to stay, the Court "'must weigh competing interests and maintain an even balance', taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself." *Georgetown Steel Co. v. United States*, 27 C.I.T. 550, 553, 259 F. Supp. 2d 1344, 1346 (2003) (footnote and citations omitted). A "'strong showing' of need for a stay" however, is required "*only* where 'there is . . . a fair possibility that the stay . . . will work damage to some one else.'" *Jiaxing Bro. Fastener Co. v. United States*, 179 F. Supp. 3d 1156, 1160 (Ct. Int'l Trade 2016) (quoting *Landis*, 299 U.S. at 255).

In this case, Defendant-Intervenors would not be prejudiced if the requested stay is granted because they have consented to the stay. Nor is there any prejudice to Defendant, which has not claimed any inequity or hardship. To the contrary, the requested stay will prevent the hardship to all parties of potentially duplicative arguments and supplemental submissions and

4

will conserve the resources of all parties and the Court. Therefore, we respectfully submit that the requested stay is appropriate.

    For these reasons, Plaintiff respectfully requests that the Court grant this motion and enter the attached order.

Respectfully submitted,

Dated: March 20, 2025

*/s/ Jennifer M. Smith-Veluz*
Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.

**THE BRISTOL GROUP PLLC**
1707 L Street, NW
Suite 1050
Washington, DC 20036
Telephone: (202) 991-2705
Email: jennifer.smith@bristolgrouplaw.com

*Counsel to Plaintiff Titan Tire Corporation*

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **TITAN TIRE CORPORATION,**<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>    Defendant,<br><br>and<br><br>**BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA,**<br><br>    Defendant-Intervenors. | **Before: Mark A. Barnett, Chief Judge**<br>**Court No. 24-00207** |

## PROPOSED ORDER

Upon reading and considering the Partial Consent Motion to Stay filed by Plaintiff Titan Tire Corporation, and upon consideration of all other papers and proceedings in the above-captioned action, it is hereby:

**ORDERED** that the Motion is **GRANTED**; and, it is further

**ORDERED** that this matter is stayed until 65 days after the final resolution of *Titan Tire Corporation v. United States*, Court No. 23-00233, and any appeals therefrom. At that time the parties will confer and file a status report with this Court.

_____
Mark A. Barnett
Chief Judge

Dated: _____
    New York, New York