**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| TITAN TIRE CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) Court No. 24-00207 |
| and | ) |
| BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA, | ) |
| Defendant-Intervenors. | ) |

<u>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**</u>

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits this opposition to the motion to stay proceedings filed by plaintiff Titan Tire Corporation (Titan).  Titan challenges the Department of Commerce's (Commerce) final results in the 2022 administrative review of the countervailing duty order covering Certain New Pneumatic Off-the-Road Tires from India.  *See Certain New Pneumatic Off-the-Road Tires From India: Final Results of Countervailing Duty Administrative Review; 2022,* 89 Fed. Reg. 84,331 (Dep't of Commerce Oct. 22, 2023).  Titan seeks a stay of this proceeding pending the final resolution of a separate action arising from the previous administrative review of the same countervailing duty order.  Partial Consent Motion to Stay at 1, ECF No. 34 (Titan Mot.) (citing *Titan Tire Corporation v. United States,* Court No. 23-00233 (Ct. Int'l Trade 2023) (*Titan I*) (challenging *Certain New Pneumatic Off-the-Road Tires From*

*India: Final Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 68,101 (Dep't of Commerce Oct. 3, 2023)).

The Court should deny Titan's request for a stay. Each administrative review "is a separate segment of proceedings with its own unique facts." *Peer Bearing Co. v. United States*, 587 F. Supp. 2d 1319 (Ct. Int'l Trade 2008) (citation omitted). Although some of the challenged issues are similar, the proceedings involve separate records and arguments, and should be considered separately on their own merits. Furthermore, Titan has not shown that a stay would facilitate an efficient resolution of the case or conserve the parties' and the Court's resources. Nor has Titan shown that any duplication of efforts outweighs the detrimental effects of its requested indefinite stay. Accordingly, we respectfully request that the Court deny the motion to stay.

## **ARGUMENT**

### I.    Standard Of Review

"[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Apex Exps. v. United States*, 36 CIT 1144, 1146 (2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Although the decision to grant a stay rests within the Court's discretion, the Court "must weigh and maintain an even balance between competing interest{s} when deciding whether a stay is appropriate." *Nexteel Co., Ltd. v. United States*, 556 F. Supp. 3d 1376, 1378 (Ct. Int'l. Trade 2022) (citing *Landis*, 299 U.S. at 254-55). When deciding a motion to stay, the Court considers factors such as judicial economy, efficiency, and the parties' resources. *See Landis*, 299 U.S. at 255-57. The party moving for the stay bears the burden of establishing its need. *See Landis*, 299 U.S. at 255; *Cherokee Nation of Oklahoma v.*

2

*United States*, 124 F.3d 1413, 1416-17 (Fed. Cir. 1997); *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1346-47 (Ct. Int'l Trade 2003).  The movant need not show that a related proceeding is determinative of the instant proceeding, but they must offer more than a generalized statement that the proposed stay would result in no harm or prejudice, and must explain the benefit of the proposed stay.  *Compare Columbia Forest Prod. v. United States*, 352 F. Supp. 3d 1274, 1276 (Ct. Int'l Trade 2018) (denying plaintiff's motion to stay, noting that outcome of related proceeding is uncertain and stay will likely delay resolution of current action) *and Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2003) (denying defendant's motion to stay pending outcome of related appeal when it was unclear related appeal would resolve issues raised in petition for review) *with Jiaxing Brother Fastener Co. v. United States*, 179 F. Supp. 3d 1156, 1164 (Ct. Int'l Trade 2016) (granting plaintiff's motion to stay when related litigation could result in "decisive implications" for case sought to be stayed).

Further, "stays pending an appeal or other judicial proceeding are an 'extraordinary and disfavored measure.'"  *Hyundai Elecs. Co.. v. United States*, 53 F. Supp. 2d 1334, 1336 n.2 (Ct. Int'l Trade 1999) (citing *Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998)); *see also Klein v. Adams and Peck*, 436 F.2d 337, 339 (2d Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances.").  This is because "some harm is inherent in any denial of the right to proceed" and parties have an interest in quick resolution.  *Neenah Foundry Co. v. United States*, 24 CIT 202, 205 (2000); *NLMK Penn. Pa., LLC v. United States*, 553 F. Supp. 3d 1354, 1365 (Ct. Int'l Trade 2021).  In particular, courts disfavor extensive stays and require the movant to show a "pressing need" for a protracted stay that is "immoderate or indefinite."  *See Cherokee Nation of Oklahoma*, 124 F.3d

at 1416; *accord LG Elecs. Inc. v. United States Int'l Trade Comm'n*, 37 CIT 1589, 1592-93 (2013) (denying motion to stay in part due to proposed stay's duration).  The movant must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which {they} pray{} will work damage to someone else." *Landis*, 299 U.S. at 255.

II.     The Court Should Deny The Motion To Stay

This Court should decline to stay this case pending the outcome of *Titan I*.  Although the two cases may share commonalities in some of the issues presented, "{e}ach administrative review is a separate exercise of Commerce's authority that allows for different conclusions based on different facts in the record{,}" *Jiaxing Bro. Fastener Co., Ltd. v. United States*, 822 F.3d 1289, 1299 (Fed. Cir. 2016) (quoting *Qingdao Sea-Line Trading Co., Ltd. v. United States*, 766 F.3d 1378, 1387 (Fed. Cir. 2014)), and the Court's review of Commerce's determination is limited to the underlying administrative record developed in each administrative review. 19 U.S.C. § 1516a(a)(2); 28 U.S.C. § 2635(b)(1).  Just because an issue might be remanded in *Titan I* does not mean that remand would necessarily be appropriate on the specific factual records of the case at bar or of other cases in which the same or a similar issue arises.

In *Titan I*, Titan challenged three of the same issues that are challenged in this proceeding: Commerce's determination that BKT did not use or benefit from the Advanced Authorization Scheme (AAS) under 19 C.F.R. § 351.519(a)(4)(ii), Commerce's calculation of a *de minimis* net subsidy rate for BKT based on that determination, and Commerce's selection of the net subsidy rate for the companies not selected for individual examination based on that determination.  *See* Titan Mot. at 3-4.  But the facts on the record in the two administrative reviews differ, particularly with respect to the arguments raised by Titan and the evidence on the

record related to the Government of India's verification of BKT's use of the AAS program in each of the administrative reviews.

A trial court is not bound by another trial court's (or its own) decisions, *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989), and it is not an efficient use of resources to stay every trade case because certain issues recur across multiple different trade cases or administrative reviews. *Titan I* involves different facts and arguments on the underlying record than those raised before the Court in this proceeding. And, if the issues presented in this case are similar to those presented in *Titan I* as plaintiff contends, Titan Mot. at 3-4, the parties can easily raise the same arguments and the Court can issue a similar opinion concerning those issues without expending significant effort. Absent an appeal that would result in controlling precedent, staying this case pending *Titan I* would not meaningfully promote judicial efficiency.

Moreover, the prospect that *Titan I* may one day be appealed does not warrant an indefinite stay. *See Bldg. Sys. De Mexico S.A de C.V. v. United States*, 463 F. Supp.3d 1344, 1348 (Ct. Int'l Trade 2020) ("speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay."). Aside from any appeal being hypothetical, the timing of an appeal would depend on various factors, such as the number and duration of any remands. Without knowing whether an issue would be appealed, or when an issue may be resolved on appeal, if ever, the proposed stay would result in an extensive and unnecessary delay of the proceeding. An indefinite stay is a course disfavored by courts, and Titan has not met its burden of demonstrating any pressing need for one. As the movant, Titan bears the burden of establishing its need for a stay in this particular case, and Titan has failed to "make out a clear case of hardship or inequity in being required to go forward{.}" *Landis*, 299

U.S. at 255.  Titan's general statement that the proposed stay would not result in any harm or prejudice to other parties falls far short of that standard.

Finally, despite Titan's assertions otherwise, the proposed stay presents a fair possibility of prejudice to the United States.  Some harm is posed by any delay of litigation.  *LG Elecs., Inc. v. U.S. Int'l Trade Com'n*, 37 CIT 1589, 1591 (2013) (citing *Neenah Foundry Co.*, 24 CIT at 205).  For example, during the indefinite stay, the memories of agency personnel and other interested parties will fade.  *See id*.  New personnel may replace the agency employees with knowledge of the case as the stagnant case remains dormant on the Court's docket.  *See id.* Experienced and competent personnel are critical agency resources.  To the extent that the Court considers the conservation of the parties' resources, the realities and practical implications of the proposed stay warrant consideration.  Therefore, Titan is incorrect in asserting that a stay would not result in any harm or prejudice.

<u>CONCLUSION</u>

For these reasons, we respectfully request that the Court deny Titan's motion to stay.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

OF COUNSEL:                           PATRICIA M. MCCARTHY
                                      Director

                                      /s/ Franklin E. White, Jr.
                                      FRANKLIN E. WHITE, JR.
                                      Assistant Director


                                      /s/ Brittney M. Welch
                                      BRITTNEY M. WELCH
W. MITCH PURDY                        Trial Attorney
Senior Attorney                       U.S. Department of Justice
Office of the Chief Counsel           Commercial Litigation Branch
for Trade Enforcement & Compliance    P.O. Box 480, Ben Franklin Station
U.S. Department of Commerce           Washington, DC 20044
                                      (202) 616-3753
                                      Fax: (202) 307-0972
                                      Email: brittney.welch@usdoj.gov


April 2, 2025                         Attorneys for Defendant

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| TITAN TIRE CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) Court No. 24-00207 |
| and | ) |
| BALKRISHNA INDUSTRIES LIMITED AND GOVERNMENT OF INDIA, | ) |
| Defendant-Intervenors. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

Upon consideration of the motion to stay filed by Titan Tire Corporation, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the motion to stay is DENIED.


DATED:  _____, 2025      _____
       New York, New York               Mark A. Barnett, Chief Judge